UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TERRY BALL,
a/k/a Terrance Ball Smith,

        Plaintiff,     9:19-CV-0908
               (GLS/TWD)
 v.

GOLDFAR et al.,

        Defendants.

---

APPEARANCES:

TERRY BALL
88-C-0132
Plaintiff, pro se
Wende Correctional Facility
P.O. Box 1187
Alden, NY 14004

GARY L. SHARPE
Senior United States District Judge

## DECISION and ORDER

  Plaintiff Terry Ball, also known as Terrance Ball Smith, commenced this action by filing a pro se complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis (IFP). Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application"). By Order entered on July 26, 2019, plaintiff's IFP Application was denied as incomplete and the action was administratively closed. Dkt. No. 4. Following the denial of the IFP Application, plaintiff timely paid the filing fee in full.

  Thereafter, by Decision and Order entered on August 28, 2019, the Court reviewed plaintiff's complaint for sufficiency in accordance with 28 U.S.C. § 1915A(b), and found that it

was subject to dismissal for failure to state a claim upon which relief may be granted. Dkt. No. 11 (the "August 2019 Order"). Plaintiff was further advised that, if he wished to proceed with this action, he must file an amended complaint within thirty (30) days, and that his failure to do so would result in the dismissal of this action without prejudice. *Id*. at 12-14.

In lieu of timely filing an amended complaint, plaintiff submitted several letters to the Court over the next thirty days, along with a completed USM-285 Form. *See* Dkt. Nos. 12, 13, 14, 15, 16. By Order entered on September 25, 2019, the Honorable Thérèse Wiley Dancks construed plaintiff's submissions as requesting information about the status of his case, directed the Clerk to send plaintiff a copy of the docket and August 2019 Order, and extended plaintiff's deadline to file an amended complaint to October 15, 2019. *See* Dkt. No. 17 ("September 2019 Order").

Thereafter, in lieu of timely filing an amended complaint, plaintiff filed six additional letters, one of which included a request for appointment of counsel. *See* Dkt. Nos. 18, 19, 20, 21, 22, 23. By Order entered on October 11, 2019, Judge Dancks denied plaintiff's request for appointment of counsel as premature, extended his deadline to file an amended complaint by an additional thirty days, and advised him that the Court would otherwise consider the merits of his various letters if and when he filed a proper amended complaint. *See* Dkt. No. 24 ("October 2019 Order"). Plaintiff was further advised that the Court would not consider any further submissions unless and until he filed a proper amended complaint. *Id*.

Nonetheless, plaintiff proceeded to file several more letters with the Court instead of filing a proper amended complaint. *See* Dkt. Nos. 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35,

36, 37, 38. Plaintiff's letters contained requests for the following: (1) consideration of his "two sanity cases" in federal court, Dkt. Nos. 30, 33, 34, 35; (2) confirmation that the Court received his $400.00 filing fee, Dkt. Nos. 27, 30, 34; (3) confirmation that the Court received his completed U.S. Marshal form, Dkt. Nos. 30, 31, 33, 34, 35, 36; (4) clarification regarding whether U.S. Marshal forms are the same as "lawsuit forms," Dkt. No. 30; (5) "lawsuit forms" so that plaintiff may "put a lawsuit in on two sanity cases held on [him] by a bunch of psychiatrists in the Cayuga County Court back in 1980 and 1983," Dkt. Nos. 30, 32, 37, 38; and (6) appointment of counsel, Dkt. No. 35. One of plaintiff's letters also expressed concern that he would be committed to the Central New York Psychiatric Center against his wishes, Dkt. No. 26, and another expressed concern of future harm, Dkt. No. 36.

By Decision and Order entered on November 26, 2019, this Court denied plaintiff's request for appointment of counsel and, in light of plaintiff's pro se status and continued efforts to communicate with the Court, once again extended his deadline to file an amended complaint by thirty days. Dkt. No. 39 ("November 2019 Order"). The Court advised plaintiff that in the absence of a showing of good cause, his deadline would not be extended further, and that, if he failed to timely file an amended complaint as directed in the August 2019 Order, the Clerk would enter judgment indicating that this action is dismissed without prejudice without further order of this Court pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. *Id*. Plaintiff was further advised that the Court would not consider the merits of any further submissions unless and until he files a proper amended complaint. *Id*.[1]

---

[1] The Court also ordered the Clerk to provide plaintiff with a blank form Section 1983 complaint, along with a copy of the August 2019 Order and the docket. *See* November 2019 Order at 3-4.

3

Plaintiff's deadline to submit an amended complaint in accordance with the November 2019 Order has lapsed, and plaintiff has not submitted an amended complaint or sought a further extension of time. Instead, plaintiff has submitted fifteen new letters since the November 2019 Order related to wide-ranging issues. Dkt. Nos. 40-54. These letters are summarized as follows.

Plaintiff's first letter complains about issues with his "nationality." Dkt. No. 40.

Plaintiff's second letter asks for a refund of the filing fee amount if his lawsuit is going to be dismissed. Dkt. No. 41.[2]

Plaintiff's third letter asks for clarification regarding whether his complaint was submitted on the correct form. Dkt. No. 42.

Plaintiff's fourth letter complains about harassment he experienced in 1974. Dkt. No. 43.

Plaintiff's fifth letter is very similar to his third letter, and seeks clarification regarding whether his complaint was submitted on the correct form. Dkt. No. 44.

Plaintiff's sixth letter asks the Court to "look into" harassment he has experienced at unidentified times based on unidentified officials believing he is "homosexual." Dkt. No. 45

Plaintiff's seventh letter asks the Court to order "the administration" and "inmates" to leave him alone because there is "nothing wrong with [his] brain" as demonstrated by recent testing. Dkt. No. 46. The letter also requests appointment of counsel. *Id.*

---

[2] The law is well-settled that once payment of the filing fee has been collected, it cannot be waived or refunded, regardless of the outcome of the action. *See, e.g.*, *Goins v. DeCaro*, 241 F.3d 260, 262 (2d Cir. 2001) (inmate who withdraws his appeal is not entitled to a refund of the filing fee paid or a cancellation of the remaining indebtedness); *Williams v. Roberts*, 116 F.3d 1126, 1127-28 (5th Cir. 1997) (per curiam) (plain language of [section 1915] requires court to assess filing fees once matter is filed, regardless of ultimate outcome of proceeding) (citations omitted); *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997) ("[B]y filing the complaint or notice of appeal, the prisoner waives any objection to the fee assessment . . . .").

Plaintiff's eighth letter appears to request that the Court transfer two of plaintiff's "cases" pending in state court to federal court. Dkt. No. 47.

Plaintiff's ninth letter requests confirmation that his initial complaint and $400 filing fee was received by the Court in or around July 2019. Dkt. No. 48.[3]

Plaintiff's tenth letter asks for an investigation into the criminal charges that formed the basis of his criminal conviction in or around 1986, and also complains about unidentified inmates and officials "playing magical tricks" on him. Dkt. No. 49.

Plaintiff's eleventh letter appears to complain about plaintiff receiving a "new identity" while confined at Attica Correctional Facility on unidentified dates, and asks the Court to direct unidentified officials at his current facility to "stop . . . playing." Dkt. No. 50.

Plaintiff's twelfth letter explains that plaintiff's original complaint sought to sue psychiatrists at Auburn Correctional Facility for "perjury" because at unidentified times they tried to force him to sign himself into the Central New York Psychiatric Center and take psychiatric medication, and when he refused, state court proceedings were commenced in Cayuga County to involuntarily commit him. Dkt. No. 51. Plaintiff also claims that unidentified psychiatrists "still want to jump [him] and pull all of [his] teeth out and deform [him] real badly" and have "[tried] to blind [him] with medication and eye drops that they know [he] don't need[.]" *Id*.

Plaintiff's thirteenth letter asks the Court to advise "what happened" to the $400.00 filing fee and original complaint that he filed, and renews his request for his "two sanity cases to be move[d] into the federal courts[.]" Dkt. No. 52.

---

[3] The Court previously confirmed these facts to plaintiff in the November 2019 Order. *See* November 2019 Order at 1, 4.

5

Plaintiff's fourteenth letter explains plaintiff's desire for the Court to assist with removing his "mental illness" "label" placed on him when he entered the prison system in 1974, and accuses officials of "perjury" for wrongdoing that occurred between 1980 and 1983. Dkt. No. 53.

Plaintiff's fifteenth letter requests "lawsuit forms" so that plaintiff may proceed with his "perjury" claims against psychiatrists from Auburn Correctional Facility. Dkt. No. 54.[4]

The Court does not construe any of these letters as a proper amended pleading. Indeed, none of the submissions contains a caption or list of parties, or names any state actor as a defendant. *See* Fed. R. Civ. P. 10(a) (noting that "the title of the complaint must name all the parties"); *Abbas v. U.S.*, No. 10-CV-0141, 2014 WL 3858398, at *2 (W.D.N.Y. Aug. 1, 2014) (the failure to name a party in the caption makes it "infeasible for the Court to determine which of the individual officers mentioned in the body of the complaint should be deemed to be defendants to which claims"). Furthermore, only plaintiff's twelfth letter asserts somewhat comprehensible statements of wrongdoing against "doctors and psychiatrists" at his current facility. However, the statements in the twelfth letter are virtually identical to certain allegations in the original complaint, and the Court already explained in the August 2019 Order that (1) claims of wrongdoing against a group of individuals, without allegations explaining how each individual was involved in the alleged wrongdoing, are insufficient to state a claim, and (2) conclusory allegations that plaintiff has been wrongfully forced to take medication are insufficient to state a Section 1983 claim. *See* August 2019 Order at 5-7, 10-

---

[4] The Clerk previously sent plaintiff a blank form Section 1983 complaint with the November 2019 Order.

12.[5]

In short, plaintiff has failed to submit a proper amended complaint in compliance with the August 2019 Order, and as directed in the November 2019 Order, which requires dismissal of this action.

**WHEREFORE**, it is hereby

**ORDERED** that this action is **DISMISSED without prejudice** due to plaintiff's failure to submit a proper amended complaint in compliance with the August 2019 Order, and as directed in the November 2019 Order. The Clerk is directed to enter judgment accordingly[6]; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

January 28, 2020
Albany, New York

*/s/ Gary L. Sharpe*
Gary D. Sharpe
U.S. District Judge

---

[5] For these reasons, even if the Court were to generously construe the twelfth letter as an amended complaint, the "allegations" set forth therein are insufficient to state a Section 1983 claim. *See* August 2019 Order.

[6] This ruling does not preclude plaintiff from commencing a new action, including one based on the current conditions of his confinement.